NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO VALENTINO LEE MC CARTHY, AKA Joshua Lee, AKA Ricardo McCarty, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-70293 <br><br> Agency No. A205-991-536 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Ricardo Valentino Lee McCarthy, a native and citizen of Panama, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture.
We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence
the agency's factual findings, applying the standards governing adverse credibility
determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034,
1039-40 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion the agency erred when it
determined there are serious reasons for believing Lee McCarthy committed a
murder prior to his entry into the United States, which constituted a serious
nonpolitical crime barring his eligibility for asylum or withholding of removal.
*See* 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii); *McMullen v. INS*, 788 F.2d
591, 599 (9th Cir. 1986) (agency's determination that serious reasons exist
"requires only probable cause") *overruled on other grounds by Barapind v.
Enomoto,* 400 F.3d 744, 751 n.7 (9th Cir. 2005) (en banc). We reject Lee
McCarthy's contention that the agency ignored his testimony. Thus, Lee
McCarthy's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's adverse credibility determination
based on the omission from Lee McCarthy's testimony of any mention of the
Colombian cartel, and on inconsistencies between his testimony and written

statement regarding an attack by cartel members, whether he received death threats, and who told him the cartel put a price on his head. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of the circumstances). Lee McCarthy's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Lee McCarthy does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Panama. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). Thus, Lee McCarthy's CAT claim fails.

**PETITION FOR REVIEW DENIED.**